# MARYLAND REPORTS.

## DANIEL BLOCHER *vs.* REUBEN WORTHINGTON.

A mechanics lien law provided, that the *lien* for every debt for which a claim shall be filed as directed, "shall expire at the end of three years from the day" the claim was filed, "unless the same shall be revived by *scire facias* in the manner provided by law in other cases of judgments; in which case such lien shall continue" for another period of three years, and so from one such period to another, unless satisfied or extinguished by sheriff's sale or otherwise according to law. HELD:

That under this law the *scire facias* must issue before the expiration of three years from filing the claim; the lien stands on the footing of a judgment, except that the limitation is *three years* instead of *twelve*, and when revived by *scire facias* the lien continues for three years longer instead of twelve.

APPEAL from the Circuit Court for Allegany county.

On the 27th of March 1850, the appellant filed his claim for a lien, under the mechanics lien laws applicable to Allegany county, against a house and lot owned by the appellee, and, on the 13th of March 1854, sued out a *scire facias* thereon, directing the appellee to show cause "why a writ of *scire facias* shall not issue upon the said claim as provided" by said acts of Assembly. To this writ the appellee filed a demurrer, which the court, (PERRY, J.,) sustained, and gave judgment for the defendant for costs, from which the plaintiff appealed. The section of the act of 1841, ch. 76, upon which the case was decided, is set out in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*J. H. Gordon* for the appellant, argued:

That the 15th section of the act of 1841, ch. 76, does not interpose an absolute bar to all further proceedings upon the claim after the expiration of three years. It says the lien shall *expire* at the end of three years, *unless revived* by *scire facias*, as in other cases of judgments, and when so revived it shall continue for another period of three years. The words *expire* and *revive* necessarily import the legal death and resuscitation of the lien. In the case of a judgment the right to issue execution after three years is dead, and that right may be revived by *scire facias, after* the expiration of three and before that of twelve years from the date of the judgment. 7 *G. & J.*, 355, *Mullikin vs. Duvall.* Again, the lien is to continue for *another period of three years* after its revival. How can this be unless the first period had expired? If the right to revive is to be exercised before the expiration of three years, it may be done at any time during that time, and as often as the party may think proper, and in this way courts of justice might be converted into instruments of oppression. There is no reason why the process to revive should issue within the three years. There was a sufficient remedy without it in the regular process of *scire facias* on the claim, under the act of 1842, ch. 134, and the original act, and when a judgment was obtained in this manner execution on it could issue at any time within three years. It would be a strange specimen of legislation to provide a proceeding of this kind to revive a lien when it could be turned into a judgment lien by a more simple process. I think the true construction of this section is this: By the acts of 1841 and 1846, ch. 296, the claim when filed within nine months is made a lien for three years, and at any time within this period a *scire facias* may issue as directed by the act of 1842, and judgment and execution may be had in this way, but if the three years expire without issuing a *scire facias* under the act of 1842, then, in the language of the section in question, "the lien expires," and it becomes necessary to revive it by *scire facias*.

The law directs the mode of reviving: it is to be done "by *scire facias*, in the manner provided by law in *other cases of*

*judgments.*" The right to issue execution on a judgment dies after three years, because the law presumes the judgment to be executed or satisfied, (7 *G. & J.*, 359,) and the party must revive that right by *scire facias,* which may issue at any time after three and before twelve years shall have elapsed. Now apply this rule thus given by the Legislature to this case. First, the lien expires at the end of three years, because the law presumes it to be satisfied. This is the principle on which all statutes of limitations are based. The word *expire,* however, is not to be understood as applying to the moral or even the legal obligation of the debtor to his creditor. This still exists and might be enforced by other proper remedies. The presumption of payment or satisfaction only interposes a bar to the particular remedy to which the party is entitled. In the case of the judgment the execution is barred, and in the case of the lien the *scire facias* under the act of 1842 is barred. Next, the lien may be revived in the same manner as *judgments,* and the manner of reviving judgments is to issue a *scire facias* on them after three years. It therefore necessarily follows, that the lien is to be revived by process issued after the expiration of three years. It is to be revived too by *scire facias*—not the *scire facias* provided by the act of 1842, requiring the party to show cause *"why the debt should not be levied upon the building"*—but it must be different to correspond with its object, and the defendant must be required to show cause why the ordinary process, (the *scire facias* under the act of 1842,) should not issue.

*George A. Pearre* for the appellee, argued:

1st. That the 15th sec. of the act of 1841, ch. 76, requires that the *scire facias* to revive the lien should be issued before the expiration of the three years. When the law says a lien shall expire at the end of three years *unless* a certain thing is done, it means the thing must be done within the three years. The term "unless" implies something in the nature of a condition precedent. Where will the construction of the appellant lead us? He says the *sci. fa.* may issue at any time after the three years have elapsed. If so, it can as well be done at the

end of fifty years as of three, because there is no limitation in the law fixing any time after the expiration of three years when the lien cannot be revived. The words, "in the manner provided by law in other cases of judgments," do not apply the statute of limitations on judgments, to this case; they only mean that the process and proceedings shall be similar. *Seargeant's Lien Laws,* 28. 13 *Sergt. & Rawle,* 269, *Hern vs. Hopkins.* The lien of a judgment in Maryland does not expire at the end of three years; the right to execution then ceases until revival. But here not only the right to issue the *sci. fa.* is barred, but the act declares the *"lien shall expire,"* not merely that the remedy shall cease and the lien continue. On judgment by *scire facias* the *lien* is not revived in ordinary cases; the lien exists when the *sci. fa.* issues. But by this act of Assembly the *sci. fa.* is issued to keep the lien alive. In common judgments if the lien is gone by the expiration of twelve years a *sci. fa.* cannot revive it. The lien of a common judgment once gone cannot be revived. Therefore, when this act says the lien shall be revived by *sci. fa.* in the same manner as judgments, it cannot mean by *sci. fa.* after three years, because in cases of judgments the *lien* needs no reviving after three years.

2nd. The *sci. fa.* should have been to show cause why the lien should not be revived, and not to show cause why another *sci. fa.* should not issue. The object is to revive the lien, not to have power to issue a *sci. fa.* to get judgment to levy the debt on the building. *Act of* 1841, *ch.* 76, *secs.* 7, 15.

Tuck, J., delivered the opinion of this court.

This is a proceeding under the act of 1841, ch. 76, and its supplements, which are lien laws applicable to Allegany county.

It appears that the appellant filed his claim in the clerk's office on the 27th of March 1850, but did not sue out his *sci. fa.* to obtain the fruits of his lien until more than three years thereafter. The only point in the cause depends on the proper construction of the *fifteenth* section of the original act of 1841, which provides, that "the lien of every such debt, for which a claim shall have been filed as aforesaid, shall expire at the

end of three years from the day on which such claim shall have been filed, unless the same shall be revived by *scire facias* in the manner provided by law in other cases of judgments; in which case such lien shall continue in manner for another period of three years, and so from one such period to another, unless such lien shall be satisfied, or the same extinguished by a sheriff's sale, or otherwise, according to law."

The defendant contends, that this section interposes an absolute bar to all further proceedings upon the claim, after the expiration of the three years.

We think that the plain meaning of this section is, that the *sci. fa.* must issue before the expiration of three years from filing the claim. Filing the claim creates a lien on the property, but the party need not proceed immediately to enforce it by process. The lien stands on the footing of a judgment, except that the limitation is three years instead of twelve, but when revived by *sci. fa.* the lien continues for three years longer, instead of twelve, as in the case of judgments.

*Judgment affirmed.*